UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

CECELIA DUNIFIN,

    Plaintiff,

v.                                                     CAUSE NO. 3:25cv688 DRL-SJF

COSTCO WHOLESALE CORPORATION,

    Defendant.

## OPINION AND ORDER

Cecelia Dunifin sued her former employer, Costco Wholesale Corporation, alleging that the company violated the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101 *et seq.*, by discriminating and retaliating against her. Costco moves to dismiss all claims under Rule 12(b)(6). The court denies the motion to dismiss, except to dismiss the retaliation claim.

## BACKGROUND

In deciding this motion, the court accepts as true the well-pleaded allegations of the complaint and draws all reasonable inferences in Ms. Dunifin's favor. She began working as a pharmacy technician at Costco in November 2014 [1 ¶ 4]. By 2018, she moved into new roles, working as "backup payroll" and "morning merch" [*id.*]. Though not exactly clear when, at some point she took a leave of absence because she was suffering from lumbar radiculopathy, spinal stenosis of the lumbar region, spondylosis of the lumbar region without myelopathy, and sacroiliitis [*id.* ¶ 5-6]. She returned to work in August 2023 with restrictions from her doctor that prohibited her from lifting more than 20 pounds and limited her to four-hour shifts [*id.* ¶ 6]. She says Costco refused to accept these restrictions [*id.* ¶ 7].

Despite this, Ms. Dunifin continued to work at Costco until March 11, 2024, when she was placed on a leave of absence [*id.* ¶ 8]. She was told that the decision to put her on a leave of absence was made by "corporate," but later found out it was the general manager's decision [*id.*]. Then, on June 7, 2024, Costco fired her because she didn't provide her medical documentation for the leave of absence, though she says she was placed on leave involuntarily and was never asked to provide medical documentation [*id.* ¶ 9].

Two weeks later, Ms. Dunifin filed a charge with the Equal Employment Opportunity Commission (EEOC) complaining of discrimination by her managers [*id.* ¶ 10]. Subsequently, the same managers "commenced a campaign of retaliation" against her [*id.*]. On September 3, 2024, Ms. Dunifin was allowed to return to work; three months later still; Costco denied her from participating in its health insurance program without explanation [*id.* ¶ 11-12]. She says this decision and "other harassment" forced her to quit [*id.* ¶ 12]. On March 13, 2025, she filed a second EEOC charge against Costco for discrimination and retaliation [*id.* ¶ 13].

Ms. Dunifin initiated this suit on August 11, 2025. Under a single count and in a single paragraph, Ms. Duffin alleges that Costco discriminated against her for her physical disability and retaliated against for complaining [*id.* ¶ 15]. Costco moved to dismiss the complaint for failure to state a plausible claim.

## STANDARD

In reviewing a motion to dismiss under Rule 12(b)(6), the court accepts all well-pleaded factual allegations as true and draws all reasonable inferences in the plaintiff's favor. *Reynolds v. CB Sports Bar, Inc.*, 623 F.3d 1143, 1146 (7th Cir. 2010). A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). It "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is

2

plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). It need not plead "detailed factual allegations." *Id.* A claim must be plausible, not probable. *Indep. Tr. Corp. v. Stewart Info. Servs. Corp.*, 665 F.3d 930, 935 (7th Cir. 2012). Evaluating whether a claim is sufficiently plausible is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *McCauley v. City of Chi.*, 671 F.3d 611, 616 (7th Cir. 2011) (quotations and citation omitted).

## DISCUSSION

The ADA exists to eliminate "discrimination against individuals with disabilities." 42 U.S.C. § 12101(b)(1). It applies to qualified individuals "who, with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires." 42 U.S.C. § 12111(8).

"Under the ADA, there are two types of discrimination claims: failure to accommodate and disparate treatment." *Stern v. St. Anthony's Health Ctr.*, 788 F.3d 276, 285 n.4 (7th Cir. 2015); *Green v. Nat'l Steel Corp.*, 197 F.3d 894, 898 (7th Cir. 1999). Recalling that this case remains at the pleading stage only, ultimately to "establish a claim for failure to accommodate, a plaintiff must show that (1) she is a qualified individual with a disability, (2) the employer was aware of her disability, and (3) the employer failed to reasonably accommodate the disability." *Schoper v. Bd. of Trs. of W. Ill. Univ.*, 119 F.4th 527, 532 (7th Cir. 2024) (cleaned up). For a disparate treatment claim, she need only allege facts that plausibly tend to show (1) a disability, (2) qualification to perform essential functions with or without reasonable accommodation, and (3) the disability was the "but for" cause of the adverse employment action. *Mlsna v. Union Pac. R.R. Co.*, 975 F.3d 629, 632-33 (7th Cir. 2020).

3

The ADA also prohibits retaliation against an employee for opposing any act or practice made unlawful by the ADA or for filing a charge with the EEOC. 42 U.S.C. § 12203(a); *see Sanders v. Ill. Dep't of Cent. Mgmt. Servs.*, 593 F. Appx. 575, 577 (7th Cir. 2015). To demonstrate retaliation, when the case gets beyond allegations and requires proof, a plaintiff must show "that she engaged in protected activity, that she suffered an adverse action, and that there is a causal connection between the two." *Rodrigo v. Carle Found. Hosp.*, 879 F.3d 236, 243 (7th Cir. 2018).

Costco argues that Ms. Dunifin's complaint insufficiently alleges (1) that she is a qualified individual, (2) that Costco denied her a reasonable accommodation, (3) a connection between Costco's adverse actions and her disability for her disparate treatment claim, and (4) a causative link between any protected activity and an adverse action to assert a retaliation claim. Costco also says it was deprived of fair notice because the complaint pleads both discrimination and retaliation claims under a single count, requesting the court to require Ms. Dunifin to comply with Rule 10(b). Ms. Dunifin responds by saying her complaint meets the pleading requirements of Rule 8. Alternatively, Ms. Dunifin asks the court for leave to amend her complaint.

A.  *Qualified Individual.*

The parties dispute whether Ms. Dunifin's complaint establishes that she is a "qualified individual" under the ADA. Costco argues that Ms. Dunifin was required to plead her ADA qualification with "adequate specificity," citing *EEOC v. Supervalu, Inc.*, 674 F. Supp.2d 1007, 1013-14 (N.D. Ill. 2009). Ms. Dunifin counters by saying she met pleading requirements because her complaint alleges that she was able to perform the necessary duties before and after she took medical leave, hence suggesting that she was a qualified individual.

A plaintiff advancing a claim under the ADA must identify her disability and whether she can do her job with or without reasonable accommodation despite the disability. *Freeman v. Metro.*

4

*Water Reclamation Dist.*, 927 F.3d 961, 965 (7th Cir. 2019). Although the complaint must give a defendant adequate notice of her disability, *see Tate v. SCR Medical Transp.*, 809 F.3d 343, 345-46 (7th Cir. 2015), it need not "contain all legal elements (or factors) plus facts corresponding to each" claim. *Chapman v. Yellow Cab Coop.*, 875 F.3d 846, 848 (7th Cir. 2017); *see Rowlands v. UPS*, 901 F.3d 792, 800 (7th Cir. 2018).

Ms. Dunifin's complaint adequately states her disability by specifically recounting her various back conditions. *See Tate*, 809 F.3d at 346. It also plausibly suggests she was able to do her job at Costco despite her disability. For example, she alleges that she worked as "backup payroll" and "morning merch" for several years. After she returned from medical leave, she continued to work at Costco for seven or eight months though the company reportedly declined to implement her doctor's restrictions. These allegations tend to plausibly show she was a "qualified individual" under the ADA. *See Gogos v. AMS Mech. Sys.*, 737 F.3d 1170, 1173 (7th Cir. 2013) (complaint stated an ADA claim by pleading previous work experience and work for the company as a "welder and pipe fitter for more than a month before he was fired"). The court cannot dismiss the complaint on these grounds; indeed, it would be "manifestly inappropriate." *Rowlands,* 901 F.3d at 800 (quoting *Chapman*, 875 F.3d at 848).

B.  *Failure to Accommodate.*

Focusing on Ms. Dunifin's accommodation claim, Costco argues that her complaint fails to allege that she requested accommodations from Costco and fails to provide details of any request. Costco passes over the allegations that her doctor ordered her not to lift more than 20 pounds or work shifts longer than 4 hours because of her physical limitations and that Costco "refused to accept the restrictions ordered by [her] doctor" [1 ¶ 7]. Treating Ms. Dunifin's allegations as true and drawing all reasonable inferences in her favor at this stage, her complaint

5

adumbrates that she requested Costco to provide her accommodations, else the company would not be in a position to refuse to adopt them. *See Zimmerman v. Bornick*, 25 F.4th 491, 493 (7th Cir. 2022) ("The cornerstone at the motion to dismiss stage remains for district courts to treat all allegations as true and to draw all reasonable inferences in the plaintiff's favor."). She need not "plead facts that bear on the statutory elements of a claim," and the details of the requests—when she made them, from whom, her functions and limitations, and why any request may have been denied—are perfectly suited for discovery rather than dismissal, given that the company has notice of a plausible claim. *Rowlands*, 901 F.3d at 800.

C.  *Disparate Treatment.*

Costco says the complaint fails to allege that the company took adverse actions against Ms. Dunifin because of her disability. In reply, Costco adds that Ms. Dunifin conceded this argument because she failed to address it in her response. Although Ms. Dunifin didn't directly respond to Costco's causation argument, she generally argued that she met her obligation to put Costco on notice of her claims.

"A litigant's best shot at stating a plausible employment discrimination claim is to explain, in a few sentences, how she was aggrieved and what facts [] lead her to believe her treatment was *because of* her membership in a protected class." *Kaminski v. Elite Staffing, Inc.*, 23 F.4th 774, 777-78 (7th Cir. 2022). To present a disparate treatment claim, Ms. Dunifin alleges in her complaint her disability by way of physical limitations or conditions, facts that suggest her qualification to perform essential functions of her work (with or without reasonable accommodation), and an adverse action through her firing in June 2024. *See Mlsna*, 975 F.3d at 632-33.

Rather than leave the link between adverse action and discrimination unspoken, these facts are presented amid allegations that Costco declined to implement her doctor's ordered

6

accommodations, placed her on a leave of absence with inconsistent explanations from her assistant general manager and corporate, and dubiously claimed she failed to provide medical documentation. In particular, she challenges whether Costco's reason for firing her—the failure to provide medical documentation—was even legitimate when the company never asked for her medical documentation in the first place. If the reason was illegitimate, it naturally begs the question what the real reason was, and she answers that question in her complaint by saying discrimination. Alone, that would be just a word, but she presents a plausible answer within the context of the company's alleged course of conduct contra her ADA-protected rights.

The evidence may turn out differently, but "[a]ll the complaint need do is state a grievance," as "[d]etails and proofs come later." *Thomas v. JBS Green Bay, Inc.*, 120 F.4th 1335, 1337 (7th Cir. 2024); *see also Kaminski*, 23 F.4th at 776-77 (need "some *facts* that make the wrongful discharge contention plausible," but not "facts aligning with her claim's every element, which she will have to prove for her claim to survive summary judgment"). Whether the complaint might be stronger still, it need not be probable, only plausible. This one suffices to allege a plausible disparate treatment claim worthy of discovery and further analysis.

D. *Retaliation.*

Costco argues that Ms. Dunifin fails to state a retaliation claim because the complaint doesn't establish a causal connection between any protected activity and any adverse action. Ms. Dunifin counters by saying she met Rule 8's pleading requirements and her allegations suggest a link between her EEOC charge in June 2024 and Costco's refusal to provide her health insurance coverage in December 2024 (after which she says she was constructively discharged).

For a retaliation claim, a complaint must plausibly connect the employee's protected activity to an adverse action taken by the employer. *Rowlands*, 901 F.3d at 801. Ms. Dunifin's

complaint fails to do that. To start, she adequately pleads that she engaged in a protected activity by filing an EEOC charge in June 2024 [1 ¶ 10]. She says thereafter her managers engaged in a campaign of retaliation, but she offers no details how to make this anything more than conclusory. *See McCauley*, 671 F.3d at 616 (legal conclusions are not entitled to this presumption of truth). Indeed, the next thing she alleges is that Costco allowed her to return to work [1 ¶ 11]. A company that is retaliating against an employee usually doesn't turn around and give the employee the benefit of a job. This doesn't foreclose retaliation perhaps, but it certainly doesn't make it plausible. She continued to work at Costco until late December, when she found out she couldn't participate in Costco's health insurance program, but all the complaint says is this occurred "without explanation" [*id.* ¶ 12].

Even if the loss of health insurance might qualify as an adverse action, and even if a constructive discharge might, *see Myers v. Sunman-Dearborn Cmty. Sch.*, 142 F.4th 527, 534 (7th Cir. 2025); *Lloyd v. Swifty Transp., Inc.*, 552 F.3d 594, 603 (7th Cir. 2009), nothing plausibly links any adverse action to her earlier EEOC charge. In briefing, she merely adds that she also complained about discrimination to Costco's corporate office. A "complaint may not be amended by the briefs in an opposition to a motion to dismiss," *Agnew v. Nat'l Collegiate Athletic Ass'n*, 683 F.3d 328, 348 (7th Cir. 2012), but the court may consider "additional facts" in a brief opposing dismissal "so long as these facts are consistent with the pleading," *Phillips v. Prudential Ins. Co. of Am.*, 714 F.3d 1017, 1019-20 (7th Cir. 2013) (cleaned up); *see, e.g., Jones v. Sparta Cmty. Hosp.*, 716 F. Appx. 547, 547 (7th Cir. 2018). Her terse statement, however, never says when her complaints occurred or what they were to really add anything to the mix today.

Ms. Dunfin also suggests the timing of the adverse action can supply the missing causal link to her earlier EEOC charge. To draw a plausible inference based on suspicious timing, the

law would "typically allow no more than a few days to elapse between the protected activity and the adverse action." *Kidwell v. Eisenhauer*, 679 F.3d 957, 966 (7th Cir. 2012). "[E]xtended time gaps alone militate against allowing an inference of causation based on suspicious timing." *Id.* at 967. Here, a six-month time gap tends to make her allegation of retaliation less than plausible. *See, e.g., O'Leary v. Accretive Health, Inc.*, 657 F.3d 625, 635 (7th Cir. 2011) (two-month gap between complaint and termination "not strongly suggestive of retaliation"); *Argyropoulos v. City of Alton*, 539 F.3d 724, 734 (7th Cir. 2008) (seven-week interval too long to raise inference of retaliation).

From there, Ms. Dunifin pivots to suggest her complaint offers another storyline for retaliation—her call to Costco's corporate office in March 2024 and her initial termination in June 2024. Nothing in this pleading permits the court to cast that call plausibly in terms of protected activity—that she was "seeking an accommodation or raising a claim of discrimination due to [her] disability." *Preddie v. Bartholomew Consol. Sch. Corp.*, 799 F.3d 806, 814-15 (7th Cir. 2015); *see also Trahanas v. Nw. Univ.*, 64 F.4th 842, 856 n.6 (7th Cir. 2023). All the complaint says about the call is that it was made after Ms. Dunifin was placed on medical leave and during the call she discovered that her general manager was responsible for that decision [1 ¶ 8]. Accordingly, the court must dismiss the retaliation claim.

E. *Amendment.*

As a prophylactic measure in her brief, Ms. Dunifin asks the court to grant leave to amend her complaint to offer additional facts. Costco says any amended complaint should comply with Rule 10(b), requiring her to file separate claims under different counts.

"Leave to amend is to be 'freely given when justice so requires.'" *Liu v. T&H Mach.*, 191 F.3d 790, 794 (7th Cir. 1999) (quoting *Payne v. Churchich*, 161 F.3d 1030, 1036 (7th Cir. 1998) and Fed. P. Civ. P. 15(a)). "Unless it is *certain* from the face of the complaint that any amendment

9

would be futile or otherwise unwarranted, the district court should grant leave to amend after granting a motion to dismiss." *Runnion v. Girl Scouts of Greater Chi. & Nw. Ind.*, 786 F.3d 510, 519-20 (7th Cir. 2015). That said, Ms. Dunifin has not filed a motion as required. Nor has she articulated the facts or allegations that she would propose to include in any amended complaint. What she offers in her brief would not seem to get her over the mark.

That said, the court won't prejudge whether there might be more. She may file a motion to amend, with an amended pleading, appreciating Rule 15's liberal standard. Recalling the difference between claims and legal theories, *Signal Funding, LLC v. Sugar Felsenthal Grais & Helsinger LLP*, 136 F.4th 718, 724 (7th Cir. 2025), the court finds merit in Costco's request for any amended complaint to state separate claims under separate counts, to the extent "founded on a separate transaction or occurrence" and to the extent this "would promote clarity." Fed. R. Civ. P. 10(b); *Bautista v. L.A. Cnty.*, 216 F.3d 837, 840-41 (9th Cir. 2000) ("Courts have required separate counts where multiple claims are asserted, where they arise out of separate transactions or occurrences, and where separate statements will facilitate a clear presentation.").

## CONCLUSION

Accordingly, the court GRANTS IN PART and DENIES IN PART Costco's motion to dismiss under Rule 12(b)(6), dismissing Ms. Dunifin's retaliation claim only [4]. The court GRANTS Ms. Dunifin leave to file a motion to amend and amended complaint by March 3, 2026, so long as consistent with this opinion.

SO ORDERED.

February 17, 2026                    *s/ Damon R. Leichty*
                                      Judge, United States District Court